ABRAMS FENSTERMAN, *ET AL.*
Deborah J. Piazza, Esq.
Danielle Elias, Esq.
630 Third Avenue, 5th Floor
New York, NY 10017
Tel: (212) 279-9200
Fax: (212) 279-0600
dpiazza@abramslaw.com
delias@abramslaw.com

*Proposed Counsel for Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                              :     Chapter 11
                                                    :
                                                    :     Case No. 11-47056 (ESS)
PENINSULA HOSPITAL CENTER,                          :
                                                    :
                Debtor.                             :
                                                    :
------------------------------------------------------------x
------------------------------------------------------------x
In re:                                              :     Chapter 11
                                                    :
                                                    :     Case No. _____
PENINSULA GENERAL NURSING HOME                      :
CORP., d/b/a PENINSULA CENTER FOR                   :
EXTENDED CARE AND REHABILITATION,                   :
                                                    :
                Debtor.                             :
                                                    :
------------------------------------------------------------x

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER
PURSUANT TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

TO THE HONORABLE ELIZABETH S.
STONG, UNITED STATES BANKRUPTCY
JUDGE:

      Peninsula Hospital Center ("**PHC**") and Peninsula General Nursing Home Corp. d/b/a

1

Peninsula Center For Extended Care & Rehabilitation ("**PGN**"), as Chapter 11 debtors and debtors in possession (each a "**Debtor**" and collectively, the "**Organizations**" or the "**Debtors**") in the above-referenced Chapter 11 cases (the "Chapter 11 Cases"), hereby move (the "**Motion**") for an order in substantially the form annexed hereto as **Exhibit A** authorizing the joint administration of these Chapter 11 Cases for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. In support of the Motion, the Debtors rely upon the Affidavit of Todd Miller Pursuant to Local Bankruptcy Rule 1007-4 and in Support of First Day Motions and Applications (the "**Miller Affidavit**"), and respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## GENERAL BACKGROUND

4. On the date hereof (the "**Petition Date**"), PHC consented to the Order for Relief being entered under chapter 11 of the Bankruptcy Code Debtor and PGN filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. The Debtors are operating their business as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed.

## THE DEBTORS' HISTORY AND BUSINESS

6. The facts set forth herein are based on the 1007-4 the Miller Affidavit

sworn to on September 19, 2011 and made pursuant to Local Bankruptcy Rule 1007-4. The Miller Affidavit has been filed with the Court along with the Debtors' Chapter 11 cases and several first day motions (collectively, the "**First Day Motions**"). In the interest of brevity, the facts and statements described in the Miller Affidavit are incorporated herein by reference.

**RELIEF REQUESTED**

7. Pursuant to Bankruptcy Rule 1015(b), the Debtors seek entry of an order directing joint administration of the Chapter 11 Cases for procedural purposes only. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against. . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).

8. The Debtors are both New York 501(c)(3) not-for-profit corporations. As such, there are no equity holders in the corporations. However, such Debtors are affiliates as they share common control through their boards of directors. While each has a separate board of directors, all of the board members of PGN serve on PCH's board as well. Accordingly, the Debtors are "affiliates" for purposes of joint administration under the Bankruptcy Code and the Court is authorized to grant the relief requested herein.

9. Entry of an order directing joint administration of these Chapter 11 Cases will avoid duplicative notices, applications, and orders, thereby saving the Debtors considerable time and expense. The rights of creditors will not be adversely affected because this Motion requests only administrative, and not substantive, consolidation of the estates. Moreover, creditors may still file claims against each separate estate. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these Chapter 11 Cases. The Court also will be relieved of the burden of entering duplicative orders

and maintaining duplicative files. Finally, supervision of the administrative aspects of the Chapter 11 Cases by the United States Trustee for the Eastern District of New York will be simplified.

10. Other courts in this District have provided for the relief requested herein. See, e.g., In re Victory Memorial Hospital, Case No. 1-06-44387-cec (Bankr. E.D.N.Y Nov. 16, 2006); In re The Brooklyn Hospital Center, Case No. 1-05-26990-cec (Bankr. E.D.N.Y. Sept. 30, 2005); In re Community Hospital of Smithtown Inc., Case No. 1-99-23819-jf (Bankr. E.D.N.Y. Nov. 16, 1999).

11. Based on the foregoing, the joint administration of these Chapter 11 Cases is in the best interests of the Debtors, their creditors, and all parties in interest. Accordingly, the Debtors request that the caption of the Chapter 11 Cases be modified to reflect the joint administration of such cases, as follows:

```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                  :      Chapter 11
                                        :
    PENINSULA HOSPITAL CENTER, et al.,  :      Case No. 11-47056 (ESS)
                                        :
                                        :      Jointly Administered
                            Debtors.    :
----------------------------------------------------------X
```

11. The Debtors also seek the Court's direction that a notation be entered on the docket of each of the Debtors' case to reflect the joint administration of the Chapter 11 Cases in substantially the following form:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 Cases commenced by: (i) Peninsula

Hospital Center; and (ii) Peninsula General Nursing Home Corporation d/b/a Peninsula Center for Extended Care and Rehabilitation. The docket in Case No. 11 – 47056 (ESS) should be consulted for all matters affecting the above-listed cases.

12. The Debtors also seek authority to file monthly operating reports on a consolidated basis if the Debtors determine, after consultation with the U.S. Trustee, that consolidated reports would further administrative economy and efficiency, do not prejudice any party in interest, and accurately reflect the Debtors' consolidated business operations and financial affairs.

**NOTICE**

13. No trustee, examiner or creditors' committee has been appointed in these Chapter 11 Cases. Notice of this Motion has been given to (a) the Office of the U.S. Trustee; (b) the Debtors' material prepetition and postpetition secured creditors lenders or any agent therefore; (c) counsel for 1199 SEIU National Benefit Fund for Health and Human Service Employees (d) the Office of the United States Attorney; (e) the Office of the New York State Attorney General; (f) the New York State Department of Health; (g) the Internal Revenue Service; and (h) the holders of the 30 largest unsecured claims on a consolidated basis. The Debtors submit that no other notice need be given.

**NO PREVIOUS REQUEST**

14. No previous request for the relief sought herein has been made to this or any other court.

15. WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested and such other or further relief as is just.

Dated: New York, New York
September 19, 2011

ABRAMS FENSTERMAN, *ET AL.*,

By: /s/ Deborah J. Piazza
    Deborah J. Piazza
    Danielle Elias, Esq.
    Abrams Fensterman, *et al.*
    630 Third Avenue, 5th Floor
    New York, NY 10017
    Tel: (212) 279-9200
    Fax: (212) 279-0600
    dpiazza@abramslaw.com
    Delias@abramslaw.com

*Proposed Counsel for Debtors and Debtors in Possession*

**EXHIBIT A**

```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
In re:                                          :       Chapter 11
                                                :
PENINSULA HOSPITAL CENTER, et al.,              :       Case No. 11-47056 (ESS)
                                                :
                                                :       Jointly Administered
                    Debtors.                    :
-------------------------------------------------------- X
```

### ORDER PURSUANT TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion (the "**Motion**") of Peninsula Hospital Center ("**PHC**") and Peninsula General Nursing Home Corp. d/b/a Peninsula Center for Extended Care and Rehabilitation ("**PGN**"), as Chapter 11 debtors and debtors in possession (each a "**Debtor**" and collectively, the "**Debtors**") in the above-referenced Chapter 11 cases (the "**Chapter 11 Cases**"), for entry of an Order directing joint administration of the Debtors' Chapter 11 Cases; and pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule(s)**"); and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and the Motion being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (a) the Office of the United States Trustee for the Eastern District of New York; (b) the Debtors' material prepetition and postpetition secured lenders or any agent therefore; (c) the Office of the United States Attorney; (d) the Office of the New York State Attorney General; (e) the New York State Department of Health; (f) the Internal Revenue Service; and (g) the holders of the 30 largest unsecured claims on a consolidated basis; and no other or further notice needing to be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates

1

and creditors; and the Court having reviewed the Motion, the Miller Affidavit, and having heard the statements in support of the relief requested therein at a hearing before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion, the Miller Affidavit, and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent provided herein.

2. These captioned and numbered cases are consolidated, for procedural purposes only, and shall be jointly administered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

3. The caption of the jointly administered cases is to read as follows:

4. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the estates in these Chapter 11 Cases.

```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                        :     Chapter 11
                                              :
    PENINSULA HOSPITAL CENTER, et al.,        :     Case No. 11-47056 (ESS)
                                              :
                                              :     Jointly Administered
                            Debtors.          :
-------------------------------------------------------X
```

5. A docket entry shall be made in each of the above-captioned cases as follows:

An Order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 Cases commenced by: (i) Peninsula Hospital Center; and (ii) Peninsula General Nursing Home Corporation d/b/a Peninsula Center for Extended Care and Rehabilitation. The docket in Case No. 11 – 47056 (ESS) should be consulted for all matters affecting the above-listed cases.